IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JENNIFER HARNICK et al.          :        CIVIL ACTION
                                 :
           v.                    :
                                 :
STATE FARM MUTUAL AUTOMOBILE     :
INSURANCE COMPANY                :        NO. 08-5752

MEMORANDUM & ORDER

McLaughlin, J.                                    March 5, 2009

        The plaintiffs filed this class action suit against
State Farm Mutual Automobile Insurance Company claiming that the
defendant's practice of pro-rating the repayment of the
plaintiffs' deductible following the defendant's successful
subrogation claim against a third-party was improper under
Pennsylvania law.  The facts relating to the named plaintiffs'
case involve the defendant's subrogation claim against a third
party, with whom the plaintiffs' were involved in a car accident.
On November 22, 2007, the plaintiffs' vehicle was damaged in an
accident with another driver.  Compl., ¶ 6.  The plaintiffs'
vehicle was insured under a policy issued by the defendant.  This
policy contained collision damage coverage with a deductible of
$500.  The defendants paid to the plaintiffs the agreed value of
the loss incurred in the accident, reduced by the plaintiffs'
$500 deductible.  Id., ¶ 7.

        The defendant then pursued a subrogation claim against
the other driver involved in the accident.  In pursuing that
subrogation, the defendants and the third-party driver determined

that the driver of each vehicle shared fault for the accident in equal proportion.  The defendant recovered an amount in excess of $500 through its subrogation claim.  The defendant then paid to the plaintiffs $250, or fifty percent of their $500 deductible, as a pro-rated share of the plaintiffs' deductible.

The complaint alleges that the defendant has a uniform practice of repaying a prorated amount of their insureds' deductibles after recovering amounts in excess of those deductibles in the defendant's subrogation claims.  The plaintiffs allege that this practice violates their right under Pennsylvania law to be "made whole" by their insurer.  Id., ¶¶1-13.  The plaintiffs claim that this right is incorporated into their insurance contract and that the proration of their deductible by the defendant constituted a breach of contract.  The complaint also includes claims for bad faith, conversion and unjust enrichment under Pennsylvania law, as well as a claim for injunctive relief.  Id., ¶¶ 27-51.  The defendant has filed a motion to dismiss each of these claims.

In Bell Atlantic Corp. v. Twombly, the United States Supreme Court clarified the standard to be used to judge the legal sufficiency of a complaint.  550 U.S. 544, 127 S. Ct. 1955 (2007).  The Court held that, to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level."  Id. at 1965.  In the

context of evaluating the legal sufficiency of a claim of antitrust conspiracy, the Court held that "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made" and requires allegations that provide "plausible grounds to infer an agreement." Id.  The United States Court of Appeals for the Third Circuit, in a decision extending Twombly outside the antitrust context, summarized Twombly as requiring "some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

The defendant argues that the plaintiffs' allegations fail to state a valid claim because the defendant's proration of the plaintiffs' deductibles was proper under Pennsylvania state insurance regulations.  The defendant points to Pennsylvania Insurance Code Regulation 146.8 ("Standards for prompt, fair and equitable settlements applicable to automobile insurance"), which states:

> (c): Insurers shall, upon the request of the claimant, include the first-party claimant's deductible, if any, in subrogation demands. Subrogation recoveries shall be shared on a proportionate basis with the first-party claimant, unless the deductible amount has been otherwise recovered. A deduction for expenses can not be made from the deductible recovery unless an outside attorney is retained to collect the recovery. The deduction may then be for only a pro rata share of the allocated loss adjustment expense.

31 Pa. Code § 146.8(c).  The plaintiffs argue that this
regulation allows for the recovery of a deductible via an
insurer's subrogation claim to be shared on a prorated basis.
The Court agrees that this regulation grants State Farm the right
to prorate the deductible precisely as they are alleged to have
done in this case.

        The plaintiffs assert that the existence of this
regulation does not defeat their claim because it is invalid.
The plaintiffs argue that the Pennsylvania Insurance Commissioner
promulgated this regulation without a grant of authority from the
Pennsylvania General Assembly.  By exceeding the scope of any
applicable enabling legislation, the Insurance Commissioner
exceeded his powers and usurped the legislative power granted by
the Pennsylvania Constitution solely to the General Assembly.
Pls' Opp'n at 8-12.

        In support of this position, the plaintiffs rely on a
recent decision of the Supreme Court of Pennsylvania invalidating
a separate regulation of the Insurance Department.  Insurance
Federation of Pennsylvania  v. Commonwealth of Pennsylvania, 889
A.2d 550 (Pa. 2005) ("IFP").  IFP held that a statute requiring
that all insurance policies be approved by the Insurance
Commissioner did not give the Insurance Department the implied
authority to mandate binding arbitration of all coverage disputes
arising under uninsured motorist and underinsured motorist

                              4

provisions of insurance contracts.  Id. at 554.  The Court rejected the regulation requiring mandatory arbitration because it exceeded the Pennsylvania General Assembly's grant of authority to the Insurance Department to promulgate regulation for the approval of automotive insurance contracts.  Id.

The legislative grants of authority at issue in IFP were (1) a section of the Insurance Department Act,  40 P.S. § 477b, requiring that all policies for insurance be approved by the Insurance Commissioner; and (2) the Motor Vehicle Financial Responsibility Law, stating in relevant part that "[n]o motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth . . . unless uninsured motorist and underinsured motorist coverages are offered therein . . . ."  75 Pa. C.S.A. § 1731(a).  The Court held that "the public policy underlying the enactment of the [Motor Vehicle Financial Responsibility Law] does not create an implied legislative mandate allowing the Insurance Department to change the normal course of judicial proceedings simply because arbitration is less costly and less time-consuming than traditional litigation."  Id. at 555.

The plaintiffs argue that the insurance regulation permitting proration of deductibles recovered by insurers through subrogation is similarly outside of the Insurance Department's scope of authority.  To the contrary, the regulation fits

5

squarely within the scope of authority delegated by the General
Assembly.  First, the General Assembly created the Insurance
Department and charged it with "the execution of the laws of this
Commonwealth in relation to insurance."  40 P.S. § 41.  The
Pennsylvania Supreme Court has stated that an administrative
agency is "invested with the implied authority necessary to the
effectuation of its express mandates."  IFP, at 554.  Regulation
146.8(c) was promulgated to effectuate the purposes and intent of
the Unfair Insurance Practices Act ("UIPA"), 40 P.S. § 1171.5.
Section 1171.5(a)(10)(vi) of the UIPA states that it is an unfair
claim settlement practice to "not [attempt] in good faith to
effectuate prompt, fair and equitable settlements of claims in
which the company's liability under the policy has become
reasonably clear."

        The defendant argues that in promulgating Regulation
146.8(c) the Insurance Department defined the parameters of fair
and equitable settlement of an insurance claim.  The defendant
also argues that this regulation does not fall outside of the
scope of the legislative grant of authority given the Insurance
Department to promulgate such regulations.  The defendant notes
the purpose of the UIPA, as stated in 40 P.S. § 1171.2, is "to
regulate trade practices in the business of insurance . . . by
defining or providing for the determination of all such practices
in this state which constitute unfair methods of competition or

6

unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined."

The Court agrees that the regulation in question falls within the scope of authority granted by the General Assembly. The regulation at issue in IFP removed a claimant's right to a trial with respect to uninsured motorist and underinsured motorist claims.  That portion of the regulation did not effectuate "the public policy underlying the enactment of the MVFRL," which was to ensure coverage for automobile accidents with uninsured and underinsured motorists.  "[T]o change the normal course of judicial proceedings simply because arbitration is less costly and less time-consuming than traditional litigation" did not comport with the policy underlying the MVFVL. IFP at 555.

Unlike the regulation in IFP, Regulation 146.8(c) presents a regulation that fits squarely within the purpose of the UIPA.  This regulation furthers the definitions of unfair insurance practices, just as the UIPA envisions.  The regulation was promulgated by the Insurance Department within the scope of enabling legislation passed by the General Assembly.  The regulation is valid.

The behavior complained of by the plaintiffs, which is specifically permitted by Pennsylvania's insurance regulations, cannot violate the common law "made whole" doctrine even assuming

that the doctrine would in fact support a claim like that of
these plaintiffs.[1]  Because the behavior does not violate the
"made whole" doctrine, the plaintiffs have failed to state a
basis on which the Court could find a breach of the parties'
contract.  The plaintiffs' first count must be dismissed.

      The behavior does not stand as an act of bad faith by
the defendant, as asserted in count two, because the defendant

---

[1]The Court notes that the cases to which the plaintiffs cite
in support of their construction of the "made whole" doctrine do
not comport with the plaintiffs' characterization of that
doctrine.  The cases cited discuss the equitable right to
subrogation.  Pennsylvania requires that an insured must recover
the full amount of his losses from a third-party before the
insurer may claim any reimbursement from the insured.  Gallop v.
Rose, 616 A.2d 1027 (Pa. Super. 1992); see also, Nationwide Mut.
Ins. Co. v. DiTomo, 478 A.2d 1381 (Pa. Super. 1984); Lexington
Insurance Co. v. Q-E Mfr. Co., Inc., No. 06-CV-0437, 2006 WL
2136244 (M.D. Pa. Jul. 28, 2006) ("The 'made whole' doctrine
provides that the subrogation right of an insurer is to be deemed
secondary, or lower in priority, to all other claims against a
source of compensation to the insured until the insured has been
fully compensated.").  This doctrine requires that an insured
recover the full amount of his losses before his insurer may
demand reimbursement for any payments previously made to the
insured under an insurance policy.
      "[T]he doctrine of subrogation is that one who has been
compelled to pay a debt which ought to have been paid by another
is entitled to exercise all the remedies which the creditor
possessed against that other, and to indemnify from the fund out
of which should have been made the payment which he made."
Lexington Ins. Co., 2006 WL 2136244 at *2 (quoting Grand Council
Royal Arcanum v. Cornelius, 47 A. 1124, 1124-25 (Pa. 1901)).
"The doctrine 'is a mode which equity adopts to compel the
ultimate discharge of the debt by him who, in good conscience,
ought to pay it . . . .'" Id. (quoting Bender v. George, 92 Pa.
36 (1879)).  These cases do not describe a right of the insured
to the recovery of the full amount of his contractually required
deductible when the insurer recovers in subrogation from a third
party.

acted in reasonable reliance on a valid state insurance regulation.  Nor does the complaint state a claim for conversion, as asserted in count three, because under the terms of Insurance Regulation 146.8(c), the plaintiffs were not legally entitled to a full recovery of their insurance deductible.  The complaint does not state a claim for unjust enrichment, as asserted in count four, because the defendants were entitled by law to a prorated amount of the deductible.  Finally, the complaint's fifth count for injunctive relief fails to state a claim because the defendant's behavior as alleged was permissible under Pennsylvania law.

An appropriate order follows.

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JENNIFER HARNICK et al.          :     CIVIL ACTION
                                 :
              v.                 :
                                 :
STATE FARM MUTUAL AUTOMOBILE     :
INSURANCE COMPANY                :     NO. 08-5752


ORDER

_____AND NOW, this 5th day of March, 2009, upon
consideration of the defendant's motion to dismiss (Docket No.
5), the plaintiffs' opposition, and the defendant's reply
thereto, IT IS HEREBY ORDERED that the defendant's motion to
dismiss is GRANTED for the reasons outlined in the attached
memorandum.  The Clerk of Court shall mark this case as closed.


                              BY THE COURT:


                              /s/Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.